UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

- v. -

BASHIRU GANIYU, and
JOSHUA NTELLA BISSAH,

             Defendants.

------------------------------------X

**ORIGINAL**

**SEALED INDICTMENT**

23 Cr. ___ ( )

23 CRIM 331

## COUNT ONE
**(Conspiracy to Commit Wire Fraud and Mail Fraud)**

The Grand Jury charges:

### OVERVIEW

1.    At all times relevant to this Indictment, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, were members of a criminal enterprise (the "Enterprise") that committed a series of frauds against individuals located throughout the United States, including in the Southern District of New York. The frauds perpetrated by the Enterprise consisted primarily of romance scams, promising victims returns on investments or repayment of loaned money. In all cases, the objective of the Enterprise's fraud scheme was to trick and deceive victims into transferring funds to accounts controlled by the Enterprise. The defendants, and their coconspirators, were successful in their endeavors and through deception and fraud acquired at least approximately $5.2 million from victims -- some of whom lost hundreds of thousands of dollars each.

## THE ENTERPRISE

2.     The Enterprise conducted scams principally by creating "personas" of people that do not actually exist. The personas met victims primarily through online dating websites. After making initial contact, the personas communicated with victims using email accounts that were designed to appear to be personal accounts of the persona. The personas also used mobile messaging apps and telephone calls to communicate with victims. The Enterprise deceived some victims, many of whom were vulnerable older men and women who lived alone, into believing the victim was in a romantic relationship with a fake persona assumed by members of the Enterprise. After establishing a level of trust with victims, the Enterprise used the personas' email accounts, and other methods of communications, to request money from victims. The personas sent the victims instructions to wire money or otherwise transfer money to certain bank accounts, or to send checks through the mail. By utilizing this method of deception, members of the Enterprise tricked victims to transfer money to bank accounts the victims believed were under the control of the personas, when in fact, the bank accounts were under the control of members of the Enterprise, including BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants. At times, members of the Enterprise also introduced the victims to personas purporting to be, for example, lawyers, who then used false pretenses to cause the victims to transfer money to bank accounts controlled by members of the Enterprise.

3.     On some occasions, members of the Enterprise threatened victims or their family members with violence. One particular victim's ("Victim-1") relative was told by a persona, in substance and in part, "knives will be used." Another victim was warned by a persona that he

2

would "cut his throat" after the victim told the persona he researched online the names of entities used in the scheme.

4. The Enterprise's personas requested money from their victims for a number of false reasons, including, for example:

a. to obtain a license to sell diamonds in the United States;

b. to cover the cost of fees necessary to obtain a million-dollar inheritance for a persona;

c. to pay for medical care, including a lung transplant, of a persona's child;

d. to pay fees associated with moving a briefcase of important documents through customs; and

e. to cover expenses associated with transporting gold to the United States.

## THE DEFENDANTS' ROLES IN THE ENTERPRISE

5. To effectuate the goals of the Enterprise, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, created corporations in the United States and then used those corporate entities to open several bank accounts into which victim funds were sent.

6. In or about January 2020, BASHIRU GANIYU, the defendant, formed a particular limited liability company ("LLC") ("Ganiyu Entity-1") in New York State. Ganiyu Entity-1 purports to be a "trucking and moving" business but, in truth and in fact, was used to launder the Enterprise's fraud proceeds. Beginning in at least in or about July 2020, GANIYU used Ganiyu Entity-1 to open several bank accounts. Based on financial records, those accounts received at least approximately $3.6 million of fraud proceeds from the Enterprise's victims.

3

a. After obtaining the victim funds, GANIYU transferred the funds to other entities, many of which were abroad.

b. On or about, December 9, 2020, GANIYU received a FedEX envelope sent by Victim-1 to an address associated with Ganiyu Entity-1 in the Bronx, New York. That envelope contained a $200,000 cashier check made payable to Ganiyu Entity-1 ("Check-1"). Victim-1 sent Check-1 under the false belief that the $200,000 would cover taxes necessary for a romantic interest to receive a $20 million inheritance.

c. On or about December 9, 2020, GANIYU deposited Check-1 into an account in the name of Ganiyu Entity-1, at which time that the account had a balance of approximately $1,852. After Check-1 cleared, on or about December 10, 2020, GANIYU transferred approximately $186,500 to entities located in Thailand, Singapore, and China (including a particular Chinese entity ("China Entity-1")).

d. On or about July 5, 2022, GANIYU received a $75,000 payment from a particular victim ("Victim-2") who sent that money because Victim-2 believed it was necessary for customs to release gold that a persona Victim-2 met online was trying to import into the United States. Shortly after the $75,000 payment was received, GANIYU attempted to transfer $63,000 to China Entity-1, but that transfer was temporarily blocked. To attempt to facilitate the transfer to China Entity-1, GANIYU contacted a payment processing company and claimed, *inter alia*, that the transfer to China Entity-1 was part of GANIYU's business and that because GANIYU's business partners had not received the payment, GANIYU's business was negatively impacted. Those representations were lies.

4

7.      In or about January 2020, JOSHUA NTELLA BISSAH, the defendant, registered a particular preexisting Delaware corporation ("Bissah Entity-1") in Colorado. In or about May 2021, BISSAH formed a particular LLC in Colorado ("Bissah Entity-2"). BISSAH has represented to banks, in substance and in part, that Bissah Entity-2 is a company involved in "logistics, registered auction agency, we buy, store and ship auction vehicles, farm equipment and construction equipment across the county and outside the country." However, in truth and in fact, Bissah Entity-1 and Bissah Entity-2 were used to launder the Enterprise's fraud proceeds. Beginning in at least in or about January 2021, BISSAH used Bissah Entity-1 and Bissah Entity-2 to open several bank accounts. Based on financial records, those accounts received at least approximately $1.6 million of proceeds from the Enterprise's victims.

a. On or about January 7, 2022, a bank account held in the name of Bissah Entity-2 received a wire transfer from a particular victim ("Victim-3") in the amount of $114,000. Victim-3 sent this money believing it was to be used to pay a customs fee necessary to ship gold to Nevada.

b. On or about January 18, 2022, BISSAH executed approximately four wire transfers, including one for $30,000 to a bank account in China. To facilitate that transfer, BISSAH sent an email to a bank describing Bissah Entity-2 as a "middle man company" that purchases and ships products to customers. BISSAH also provided, via email, an invoice claiming that one of his customers ("Customer-1") purchased $30,000 of synthetic leather, which BISSAH purchased from an entity in China. However, bank records reveal that Customer-1 never sent BISSAH money; rather, the money funding this particular bank account was from Victim-3 and other Enterprise victims. Thus, BISSAH's representations about Bissah Entity-2 were lies.

c. In or about April, May and June 2022, a bank account held in the name of Bissah Entity-2 received six wire transfers totaling approximately $427,000 from Victim-2. To facilitate those transfers, on or about May 5, 2022, BISSAH spoke with bank employees and explained that the wire from Victim-2 was part of BISSAH's "logistics business," that Victim-2 was a customer of BISSAH, and that the money from Victim-2's wires would ultimately be sent to Thailand and China. In truth and in fact, Victim-2 sent those wires under the false belief they were necessary to import gold bars into the United States.

d. From at least in or about December 2019 through at least in or about June 2023, bank accounts controlled by GANIYU and BISSAH sent fraud proceeds to the same ten entities located in France, Thailand, and China, among other places. In addition to those ten entities, GANIYU and BISSAH transmitted fraud proceeds to other entities.

## STATUTORY ALLEGATIONS

8. From at least in or about December 2019 through at least in or about June 2023, in the Southern District of New York and elsewhere, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit (i) wire fraud, in violation of Title 18, United States Code, Section 1343; and (ii) mail fraud, in violation of Title 18, United States Code, Section 1341.

9. It was a part and an object of the conspiracy that BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did

transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, GANIYU and BISSAH engaged in a scheme in which they received money sent by wire and other means from victims based on false statements and representations to the victims that such money was intended for business investments and benevolent purposes.

10.    It was a further part and an object of the conspiracy that BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, a matter and thing whatever to be sent and delivered by the Postal Service, and deposit and cause to be deposited a matter and thing whatever to be sent and delivered by private and commercial interstate carrier, and take and receive therefrom, such matter and thing, and knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed, such matter and thing, in violation of Title 18, United States Code, Section 1341, to wit, GANIYU and BISSAH engaged in a scheme in which they received money sent by mail and other means from victims based on false statements and representations to the victims that such money was intended for business investments and benevolent purposes, among other things.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Receive Stolen Money)

The Grand Jury further charges:

11. The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

12. From at least in or about December 2019 through at least in or about June 2023, in the Southern District of New York and elsewhere, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 2315.

13. It was a part and object of the conspiracy that BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state and United States boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

### Overt Act

14. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. On or about December 9, 2021, BASHIRU GANIYU, the defendant, received a $200,000 cashier's check from a romance scam victim that was sent via Federal Express from Texas to GANIYU at an address in the Bronx, New York.

   b.  On or about June 17, 2023, JOSHUA NTELLA BISSAH, the defendant, transported approximately $25,390 of fraud proceeds through the Southern District of New York.

(Title 18, United States Code, Section 371.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

15.  The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

16.  From at least in or about December 2019 through at least in or about June 2023, in the Southern District of New York and elsewhere, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, GANIYU and BISSAH engaged in a scheme in which they received money sent by wire and other means from victims based on false statements and representations to the victims that such money was intended for business investments and benevolent purposes, among other things.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Mail Fraud)

The Grand Jury further charges:

17. The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

18. From at least in or about December 2019 through at least in or about June 2023, in the Southern District of New York and elsewhere, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money or property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, placed in a post office and authorized depository for mail matter, a matter and thing whatever to be sent and delivered by the Postal Service, and deposited and caused to be deposited a matter and thing whatever to be sent and delivered by a private and commercial interstate carrier, and took and received therefrom, such matter and thing, and knowingly caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, to wit, GANIYU and BISSAH engaged in a scheme in which they received money sent by mail and other means from victims based on false statements and representations to the victims that such money was intended for business investments and benevolent purposes, among other things.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT FIVE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

19.  The allegations contained in paragraphs 1 through 7 of this Indictment are repeated and realleged as if fully set forth herein.

20.  From at least in or about December 2019 through at least in or about June 2023, in the Southern District of New York and elsewhere, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

21.  It was a part and object of the conspiracy that BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, the wire fraud scheme and mail fraud scheme charged in Counts Three and Four of this Indictment, in violation of Title 18, United States Code, Sections 1341 and 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATIONS

22. As the result of committing the wire fraud, mail fraud, and receipt of stolen property offenses charged in Counts One through Four of this Indictment, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

    a. $25,390 in United States currency seized from BISSAH on or about June 17, 2023.

23. As a result of committing the money laundering offense alleged in Count Five of this Indictment, BASHIRU GANIYU and JOSHUA NTELLA BISSAH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property:

    a. $25,390 in United States currency seized from BISSAH on or about June 17, 2023.

### Substitute Assets Provision

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

    (Title 18, United States Code, Sections 981 and 982;
    Title 21, United States Code, Section 853; and
    Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

13